# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERA FRANCHISE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RANCHO PROPERTIES INC., et al., <br><br> Defendants. | 1:07cv0485 OWW DLB <br><br> FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br> (Document 18) |

Plaintiff ERA Franchise Systems, Inc. ("Plaintiff") filed the instant motion for default judgment on June 20, 2007. The motion was heard on August 3, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Lisa K. Garner appeared on behalf of Plaintiff. Defendants Rancho Properties, Inc., dba ERA Rancho Realty, and Ronald J. Barrios ("Defendants") did not appear. The motion was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed this action on March 27, 2007, pursuant to this Court's diversity jurisdiction. The complaint alleges breach of contract causes of action and seeks damages in an amount not less than $197,799.48 and interest, possession of personal property or its value, an accounting, and attorneys' fees and costs.

According to the complaint, Defendants entered into a Real Estate Franchise Agreement ("Agreement") with Plaintiff with an effective of August 1, 2004.  Exhibit A, attached to Declaration of Debbie Iuliano ("Iuliano Dec.").  Under the Agreement, Defendants became franchisees of Plaintiff as a real estate brokerage business.  Pursuant to the terms of the Agreement, Plaintiff agreed to grant a non-exclusive license to Defendants to utilize Plaintiff's trademarks and marketing system.  In return, Defendants agreed to (1) continuously operate the business and not to sell or abandon it; (2) not to assign any rights under the Agreement without the express permission of Plaintiff; (3) report all transactions to Plaintiff; (4) pay Plaintiff six percent of all of Defendants' gross revenues under Section 7.1.1 ("royalty fees"); and (5) pay two percent of their gross revenues for a National Advertising Fund ("NAF"), with a minimum monthly fee of $313.  Defendant Barrios signed a personal guaranty for all obligations under the Agreement.  Exhibit B, attached to Iuliano Dec.

To assist Defendants in the establishment of their office, the parties also entered into an Addenda to the Agreement in which Plaintiff agreed to lend Defendants certain sums.  Defendants executed a Development Advance Promissory Note ("Note") in the principal amount of $20,000.  Exhibit C, attached to Iuliano Dec.  The Note has a remaining balance of $20,000, plus interest, which is currently due and owing.

As security for the Agreement and Note, Defendants entered into a Security Agreement for the franchise location in which they pledged as collateral all of the furniture, furnishings, equipment, real estate listings and listing agreements, etc., related to the business.  Exhibit E, attached to Iuliano Dec.

At some point, Plaintiff discovered that Defendants failed to report on closed transactions and were delinquent on royalty and NAF obligations.  Defendants did not respond to communications from Plaintiff, including a letter dated August 22, 2006.  On January 31, 2007, Plaintiff notified Defendants that the Agreement was terminated effective February 9, 2007, due to their material breaches.  Defendants were also notified that they were in default of various payment obligations under the Agreement.

As of the date of filing the complaint, Defendants owed Plaintiff at least $19,171.48 in royalty fees and $12,858.50 in NAF fees, plus interest on those amounts, and $20,000, the remaining balance on the Note, plus interest. The Agreement also provided for additional contractual damages in the amount of $145,769.50, as calculated by the formula set forth in Section 16.7.2. Iuliano Dec., ¶ 15.

Plaintiff filed the instant motion for default judgment on June 20, 2007. Defendants were served with the motion but have failed to respond or otherwise communicate with the Court.

Plaintiff seeks a judgment by the Court as follows:

1. Damages in the amount of $197,799.48;
2. Interest at the rate of 18 percent per annum as provided for in the Agreements on the principal amount of $52,029.98, from January 31, 2007, at the rate of $25.66 per day, until paid;
3. Attorneys' fees in the amount of $3,866.50; and
4. Costs in the amount of $368.48.

## **DISCUSSION**

Plaintiff moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that judgment may be entered:

> By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t

the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Defendants were served with the complaint on April 5, 2007.  The Clerk entered default on May 17, 2007.  Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  Iuliano Dec., ¶ 4.

Having read and considered the declarations, pleadings and exhibits to the present motion, the Court finds that Plaintiff's request for damages in the amount of (1) $197,799.48, and (2) interest at the rate of 18 percent per annum on the principal amount of $52,029.98, from January 31, 2007, at the rate of $25.66 per day until paid, is reasonable.  Additionally, pursuant to the terms of the Agreement and Security Agreement, Plaintiff is entitled to reasonable attorneys' fees in the amount of $3,866.50 as well as costs in the amount of $368.48.  Iuliano Dec., ¶ 19.

**RECOMMENDATION**

For the reasons discussed above, the Court RECOMMENDS that:

1. Plaintiff's motion for default judgment in favor of Plaintiff and against Defendants be GRANTED;
2. Plaintiff be AWARDED monetary damages in the amount of (1) $197,799.48, and (2) interest at the rate of 18 percent per annum on the principal amount of $52,029.98 from January 31, 2007, at the rate of $25.66 per day until paid;

      3.      Plaintiff be AWARDED reasonable attorneys fees in the amount of $3,866.50; and

      4.      Plaintiff be AWARDED costs in the amount of $368.48.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    **Dated:**   **August 7, 2007**                    **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE